John B. Sganga, Jr. (SBN 116,211)
john.sganga@knobbe,com
Brian C. Claassen (SBN 253,627)
brian.claassen@knobbe.com
Eric R. Malmgren (SBN 323,859)
eric.malmgren@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Attorneys for Defendant Monoprice, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAMELION LLC.<br><br>Plaintiff,<br><br>v.<br><br>MONOPRICE, INC.,<br><br>Defendant. | Case No.5:19-cv-01833-CBM-SP<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Honorable Consuelo B. Marshall |

Pursuant to Fed. R. Civ. P. 8, 13, and 38, Defendant Monoprice, Inc. ("Monoprice" or "Defendant") hereby responds to the Complaint of Plaintiff Karamelion LLC ("Karamelion" or "Plaintiff").

## I. THE PARTIES

1. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and thus denies them.

2. Admitted.

## II. JURISDICTION AND VENUE

3. Monoprice admits that this Court has subject matter jurisdiction over claims arising under the Patent Laws of the United States, but denies that any grounds exist for the claims asserted in the Complaint.

4. Monoprice admits that it conducts business in California and is a corporation organized under the laws of California. Monoprice admits that it may be subject to specific and general personal jurisdiction in this District. Monoprice specifically denies any allegations of patent infringement. Monoprice denies the remaining allegations of Paragraph 4.

5. Monoprice admits that it sells products and/or services in and derives revenue from within California. Monoprice specifically denies any allegations of patent infringement. Monoprice denies the remaining allegations of Paragraph 5.

6. Monoprice admits that it is a corporation organized under the laws of California. Monoprice admits that venue is proper for this action, but denies the remaining allegations of Paragraph 6.

7. Monoprice admits it is subject to jurisdiction within this District and that venue is proper, but denies the remaining allegations of Paragraph 7.

/ / /

/ / /

/ / /

## III. COUNT I

## (NO INFRINGEMENT OF U.S. PATENT NO. 6,275,166)

8. Monoprice incorporates by reference its responses to Paragraphs 1-7 of the Complaint as though fully set forth herein.

9. Monoprice admits that Exhibit A states on its face that the application that led to the U.S. Patent No. 6,275,166 ("the '166 Patent") was filed on January 19, 1999, and that Exhibit A is titled "RF Remote Applicant Control/Monitoring System." Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies them.

10. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18. Monoprice admits that it sells products with the following names: Z-Wave Plus Smart Plug and Repeater with 2 USB Ports, Z-Wave Plus Wall Socket Plug-In Receptacle with 2 USB and 1 AC Port up to 2.4 A, Z-Wave Plus PIR Multi Sensor, Temperature - Humidity - Light, Z-Wave Plug RGB Smart Bulb, Z-Wave Plug PIR Motion Detector with Temperature Sensor, and Z-Wave Plug RGBW Dimmer Controller Module for 12V/24V LED Light Strips. Monoprice's website listed the Z-Wave Plug-In Switch as discontinued before the filing of this case. Monoprice denies that any of these products infringe any valid and enforceable claim of the '166 Patent. Monoprice further avers that Karamelion cannot reasonably allege that any of these products "hav[e] a headend computer," "a multiplicity of appliances," or a "plurality of relay units." Monoprice denies any remaining allegations of Paragraph 18.

19. Monoprice denies the allegations of Paragraph 19.

20. Monoprice denies the allegations of Paragraph 20.

21. Monoprice denies the allegations of Paragraph 21.

22. Monoprice denies the allegations of Paragraph 22.

23. Monoprice denies the allegations of Paragraph 23.

24. Monoprice denies the allegations of Paragraph 24.

## IV. COUNT II

## (NO INFRINGEMENT OF U.S. PATENT NO. 6,873,245)

25. Monoprice incorporates by reference its responses to Paragraphs 1-24 of the Complaint as though fully set forth herein.

26. Monoprice admits that Exhibit B states on its face that the application that led to U.S. Patent No. 6,873,245 ("the '245 Patent") was filed on August 14, 2001, and that Exhibit A is titled "RF Remote Applicant Control/Monitoring System." Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore denies them.

27. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28. Monoprice lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29. Monoprice admits that it sells products with the following names: Z-Wave Plus Smart Plug and Repeater with 2 USB Ports, Z-Wave Plus Wall Socket Plug-In Receptacle with 2 USB and 1 AC Port up to 2.4 A, Z-Wave Plus PIR Multi Sensor, Temperature - Humidity - Light, Z-Wave Plug RGB Smart Bulb, Z-Wave Plug PIR Motion Detector with Temperature Sensor, and Z-Wave Plug RGBW Dimmer Controller Module for 12V/24V LED Light Strips. Monoprice's website listed the Z-Wave Plug-In Switch as discontinued before the filing of this case. Monoprice denies that any of these products infringe any valid and enforceable claim of the '245 Patent. Monoprice further avers that Karamelion cannot reasonably allege that any of these products are "a plurality of relay units" or satisfy the "wherein at least some of the relay units communicate with others of the relay units by relay communications using at least two others of the relay units." Monoprice denies any remaining allegations of Paragraph 29.

30. Monoprice denies the allegations of Paragraph 30.

31. Monoprice denies the allegations of Paragraph 31.

32. Monoprice denies the allegations of Paragraph 32.

33. Monoprice denies the allegations of Paragraph 33.

34. Monoprice denies the allegations of Paragraph 34.

35. Monoprice denies the allegations of Paragraph 35.

36. Monoprice denies the allegations of Paragraph 36.

37. Monoprice denies the allegations of Paragraph 37.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Monoprice alleges and asserts the following defenses. Monoprice reserves all rights to allege additional defenses that become known through the course of this action consistent with any orders entered by the Court.

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

1. The Complaint, and each cause of action therein, fails to state any claim against Monoprice upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (EXPIRATION OF THE PATENTS IN SUIT)

2. Plaintiff's claims are barred, in whole or in part, by the expiration of the '166 and '245 Patents.

## THIRD AFFIRMATIVE DEFENSE

## (INVALIDITY OF THE PATENTS IN SUIT)

3. The claims of the '166 and '245 Patents are invalid and/or unenforceable under one or more sections of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

/ / /

/ / /

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(NON-INFRINGEMENT OF THE ASSERTED PATENTS)**

4. Monoprice has not infringed and does not currently infringe any claim of the ’166 and ’245 Patents, either directly, indirectly, contributorily, or by inducement.

**FIFTH AFFIRMATIVE DEFENSE**

**(PROSECUTION HISTORY ESTOPPEL)**

5. Monoprice has not and is not infringing some or all of the claims of the ’166 and ’245 Patents at least due to statements, representations, admissions, elections, positions, concessions, and filings made to the PTO during the prosecution of the applications that matured into the ’166 and ’245 Patents that constitute prosecution history estoppel barring Plaintiff from asserting that Monoprice infringes any of the claims of the ’166 and ’245 Patents.

**SIXTH AFFIRMATIVE DEFENSE**

**(LIMITATION ON DAMAGES UNDER 35 U.S.C. § 286)**

6. Plaintiff’s claim for damages is barred, in whole or in part, by the statutory limitations of 35 U.S.C. § 286.

**SEVENTH AFFIRMATIVE DEFENSE**

**(LIMITATION ON DAMAGES UNDER 35 U.S.C. § 287)**

7. Plaintiff’s claim for damages is barred, in whole or in part, by Plaintiff’s failure to comply with, and are statutorily limited by 35 U.S.C. § 287.

**EIGHTH AFFIRMATIVE DEFENSE**

**(LIMITATION ON DAMAGES UNDER 35 U.S.C. § 288)**

8. Plaintiff’s claim for damages is barred, in whole or in part, by Plaintiff’s failure to comply with, and are statutorily limited by 35 U.S.C. § 288.

**NINTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL OR ACQUIESCENCE)**

9. Plaintiff’s claim to damages is barred in whole or in part by

estoppel and/or acquiescence.

## COUNTERCLAIMS

Monoprice brings the following counterclaims against Plaintiff for judgment as follows:

## PARTIES

1. Monoprice is a corporation organized under the laws of the State of California, with its principal place of business at 11701 6th Street, in Rancho Cucamonga, California.

2. By its Complaint, Plaintiff Karamelion LLC alleges it is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 5570 FM 423, Suite 250 #2022, Frisco, TX 75034.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between Monoprice and Karamelion LLC.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 2201. This Court has personal jurisdiction over Plaintiff Karamelion LLC because Plaintiff has availed itself of this Court through the filing of the Complaint. Plaintiff alleges that it is the owner of United States Patent Nos. 6,275,166 and 6,873,245.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## COUNTERCLAIM NO. 1

## DECLARATION OF NON NON-INFRINGEMENT

## OF THE ’166 PATENT

6. Plaintiff has asserted in its Complaint claims of patent infringement against Monoprice based on the ’166 Patent. Monoprice has denied that it has infringed or is infringing any valid claims of these patents. Thus, an immediate, real, and justiciable controversy now exists between Monoprice and Plaintiff

with respect to the ’166 Patent.

7. Monoprice has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any claims of the ’166 Patent.

8. Monoprice does not infringe at least claim 1 of the ’166 Patent because, for example, the accused products do not implement: “at least some of the relay units communicate with the headend computer by relay communications using at least two others of the relay units” or “second program instructions including detecting relay communications directed between the headend computer and a different relay unit, transmitting the relay communications, detecting a reply communication from the different relay unit, and transmitting the reply communication to the headend computer.”

9. Monoprice seeks a declaration from this Court that Monoprice has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claims of the ’166 Patent.

**COUNTERCLAIM NO. 2**

**DECLARATION OF NON NON-INFRINGEMENT**

**OF THE ’245 PATENT**

10. Plaintiff has asserted in its Complaint claims of patent infringement against Monoprice based on the ’245 Patent. Monoprice has denied that it has infringed or is infringing any valid claims of these patents. Thus, an immediate, real, and justiciable controversy now exists between Monoprice and Plaintiff with respect to the ’245 Patents.

11. Monoprice has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any claims of the ’245 Patent.

12. Monoprice does not infringe at least claim 1 of the ’245 Patent because, for example, the accused products do not implement: “at least some of

the relay units communicate with others of the relay units by relay communications using at least two others of the relay units" or "second program instructions including detecting relay communications directed between the another of the relay units and a different relay unit, transmitting the relay communications, detecting a reply communication from the different relay unit, and transmitting the reply communication to the other of the relay units."

13. Monoprice seeks a declaration from this Court that Monoprice has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claims of the '245 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays for the following relief:

A. For an order dismissing with prejudice all claims against Monoprice and denying all relief by Karamelion;

B. That the Court enter judgment declaring that Monoprice does not infringe, and has not infringed, any claims of U.S. Patent No. 6,275,166;

C. That the Court enter judgment declaring that Monoprice does not infringe, and has not infringed, any claims of U.S. Patent No. 6,873,245;

D. That the Court find this case to be an exceptional case under 35 U.S.C. § 285, and that Monoprice recovers its reasonable attorney fees upon prevailing in this action;

E. That Karamelion take nothing by its Complaint against Monoprice;

F. That the Court deny any and all of Karamelion's requests for injunctive relief;

G. That the Court grant Monoprice fees for unreasonable and vexatious litigation under 28 U.S.C. § 1927;

H. That the Court award Monoprice its legal fees, costs, expenses, and other relief, both legal and equitable, upon prevailing in this action; and

/ / /

I. That the Court award Monoprice any such other and further relief the Court may deem just and proper under the circumstances.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 15, 2019

By: */s/ Brian C. Claassen*
John B. Sganga, Jr.
Brian C. Claassen
Eric R. Malmgren

*Attorneys for Defendant*

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Defendant Monoprice, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 15, 2019

By: */s/ Brian C. Claassen*
Brian C. Claassen
*Attorneys for Defendant*

31643361